Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed constitutional amendment.
 Popular Name EXEMPT CERTAIN FOOD ITEMS FROM STATE AND LOCAL GROSS RECEIPT SALES TAX AND PROVIDE FOR CANVASSER'S PAYMENT Ballot Title AN ACT TO PROVIDE FOR THE SEPARATE RECEIPT AND ACCOUNTING, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS FOR ONE HUNDRED AND TWENTY ONE DAYS; DEFINING FOOD ITEMS AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION NOTED BELOW; REQUIRING THE IMMEDIATE DEPOSIT OF SUCH MONEYS IN THE CANVASSER'S PAYMENT ACCOUNT; AN ACCOUNT CREATED SEPARATE AND APART FROM THE STATE TREASURY TO BE ADMINISTERED BY THE STATE BOARD OF FINANCE; AMENDING A.C.A. § 19-4-803 TO EXEMPT "THE CANVASSER'S PAYMENT ACCOUNT" FROM THE REQUIREMENTS OF AN APPROPRIATION; EMPOWERING THE STATE BOARD OF FINANCE TO DISTRIBUTE THE ACCOUNT MONEY TO BE KEPT AS DISTINCT CASH FUNDS SEPARATE AND APART FROM THE STATE TREASURY; EMPOWERING THE STATE BOARD OF FINANCE TO USE FIVE PERCENT OF THE ACCOUNT DEPOSIT FOR ADMINISTRATIVE COST; TO PROVIDE THE ACCOUNT DEPOSIT SHALL BE DIVIDED EQUALLY BY THE NUMBER OF SIGNATURES REQUIRED BY THE SECRETARY OF STATE TO PLACE THE INITIATIVE ON THE BALLOT; TO PROVIDE EACH CANVASSER SHALL BE PAID AN EQUAL PART FOR EACH SIGNATURE ACCEPTED BY THE SECRETARY OF STATE TO PLACE THE INITIATIVE ON THE GENERAL ELECTION BALLOT; TO PROVIDE NO PAYMENT SHALL BE MADE BY THE STATE BOARD OF FINANCE TO ANY PERSON FOR THEIR SIGNATURE ON ANY PETITION WITH THEIR SIGNATURE AS CANVASSER WITNESSED BY A NOTARY PUBLIC; REQUIRING THE STATE BOARD OF FINANCE TO MAKE SUCH AMOUNTS PAYABLE TO THOSE QUALIFIED CANVASSER'S AS PROVIDED IN THIS AMENDMENT NOT MORE THAN THIRTY WORKING DAYS AFTER THE FINAL DEPOSIT OF MONEY IN THE ACCOUNT; TO PROVIDE ANY PAYMENT TO A CANVASSER FROM THE CANVASSER'S PAYMENT ACCOUNT BY THE STATE BOARD OF FINANCE SHALL BE EXEMPT FROM ANY STATE TAX; PROVIDING THE PETITIONS SHALL BE SUBMITTED TO THE SECRETARY OF STATE IN ACCORDANCE WITH THE PROVISIONS OF AMENDMENT 7 OF THE ARKANSAS STATE CONSTITUTION; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE "ARKANSAS SOFT DRINK TAX ACT" OR THE STATE AND LOCAL TAXES ON ANY ITEMS HEREAFTER EXCLUDED FROM THE ARKANSAS SOFT DRINK TAX ACT TO BE EXEMPT FROM THE STATE AND LOCAL GROSS RECEIPT SALES TAX; PROVIDING THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON PREPARED RESTAURANT FOODS UNDER A.C.A. § 26-75-601 TO -618 AND A.C.A. § 26-75-701; PROVIDING THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON ALCOHOLIC BEVERAGES; MAKING THIS AMENDMENT SEVERABLE AND REPEALING INCONSISTENT LAWS TO THE EXTENT OF THE CONFLICT; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to ambiguities in the text
of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. Both your petition and proposed ballot title misleadingly refer to your proposed constitutional amendment as an "act" rather than an "amendment."
 2. In Section One of your proposed measure, the phrase "those exclusions herein stated, and other exceptions as provided herein" creates a confusing distinction between "exclusions" and "other exceptions" that is wholly unsupported by any substantive provision in the text.
 3. In Section Two of your proposed measure, you indicate that" the state and local gross receipt sales tax on food items" will be collected for a period of 121 days from the date of passage of the proposed amendment. This provision conflicts with the provision in Section One dictating that collection of the tax cease on the 121st
day following passage of the proposed amendment.
 4. In Section Two of your proposed measure, you fail to identify the "wholly separate account" into which the tax revenues at issue will be deposited. This failure to identify the account creates uncertainty whether the account is the same as the "Canvasser's Payment Account" identified immediately thereafter in Section Three (1).
 5. In Section Three (1) of your proposed measure, the verb in the phrase "and shall be administered by the State Board of Finance" lacks a subject.
 6. In Section Three (3) of your proposed measure, the phrase" the principal amount of the state and local gross receipt sales tax on food items" is confusing in that it suggests that any interest earned on tax receipts will not be located in the described fund. Your proposed measure fails to specify any disposition of interest revenues.
 7. Subsection Three (4)(a) of your proposed amendment appears to conflict with Subsections Three (4)(b) and (d). The former subsection provides that funds placed in the Canvasser's Payment Account, discounted by the 5% allocated for "administrative costs," will be divided by 70,601 (the number of signatures required to place the proposed amendment on the ballot) for purposes of distribution. However, the latter subsections provide that each canvasser will recover his pro-rata share of the discounted Canvasser's Payment Account based upon the total number of signatures gathered. These formulas will be consistent only if the actual number of signatures collected and validated totals exactly 70,601 — an eventuality highly unlikely to occur.
 8. Subsection Three (4)(c), which provides that "[n]o payment shall be made by the State Board of Finance to any person for their [sic] own signature on an initiative petition with their [sic] own signature witnessed by a notary public," is opaque and misleading. This subsection appears to contain two unrelated provisions: first, that a canvasser cannot receive payment for his own signature; and, second, that a canvasser's signature will be valid only if witnessed by a notary public. Because these provisions are unrelated, they should be separately set forth. Read literally, this subsection misleadingly suggests that a canvasser will be denied payment for his own signature only if it is witnessed by a notary public.
 9. Subsection Three (4)(d) is awkwardly written and confusing. I do not believe you meant to suggest that "qualified signatures . . . shall qualify for payment of an equal part for each signature"; rather, I assume you meant to say that each canvasser would qualify for pro-rata payment based upon the number of "qualified signatures" he collects.
 10. Subsection Three (5) of your proposed amendment is confusing and misleading in two respects. First, you fail to specify what sorts of expenditures will qualify as" administrative costs." Second, it is confusing and misleading to state that "[a]ny amount not used by the State Board of Finance for administrative costs shall be deposited in the State's General Fund." I assume you intend to say that any unspent portion of the 5% allocated for administrative costs will be deposited in the state's General Fund. However, as written, this provision can be read as dictating that the entire Canvasser's Payment account be deposited into the General Fund.
 11. Subsection Three (8) of your proposed amendment is confusing in its reference to "all other tasks that may be assigned to the State Board of Finance pursuant to this amendment." Your proposed amendment charges no entity with authority to assign any "other tasks" to the State Board of Finance and fails completely to indicate what sorts of "tasks" might be required.
 12. Section Four of your proposed amendment is confusing in directing that A.C.A. § 19-4-803 be amended to include a new subsection "(4)," when the current statute does not contain a subsection "(3)."
 13. Subsections Five (1) and (2) of your proposed amendment are confusing in that they appear to be merely duplicative of each other. I cannot determine why both subsections are included. Also, Subsection Five should recite the Code sections that comprise the Arkansas Soft Drink Tax Act.
 14. Subsection Five (3) is misleading in referring to "items hereafter excluded from the `Arkansas Soft Drink Tax Act.'" The context suggests that the word "from" in this passage should be replaced with "under."
 15. Section Six of your proposed amendment is misleading and confusing in that the referenced statutes neither authorize nor define restaurants or similar businesses, as the text of this section wrongly declares.
 16. Generally, the text of your proposed amendment contains various misspellings and errors in punctuation, which you should identify and correct if you elect to resubmit it.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, Case No. 00-485 (July 7, 2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General